We move to the second case this morning, United States v. Haynes. Good morning, your honors. May it please the court. My name is Gregory Dutch. I represent Willie Haynes, the appellate. I also represented Mr. Haynes, the defendant, in the trial court situation. Your honors, I would like to begin my brief talk here today, my arguments here today, by citing an old case by Judge Evans. Judge Evans, in a 1990 case, once said that challenging search warrants is equivalent to throwing pebbles at a tank. I've looked at this case, and I would like to change his language, Judge Evans' language, a little bit, and believe it's more like throwing stones at a Ford Fiesta. I believe that in this case, that if the court looks at the totality of the circumstances, that what I'm arguing here is not, that this is not a practical, non-technical inquiry, and appellant is not taking a divide and conquer approach to this warrant. I believe that the warrant is lacking in omissions, and I believe that the warrant is lacking in investigation, and I believe that the warrant is lacking in reliability. I would, in reviewing the case and reviewing Judge Reinhart's opinions in regards to this case, as well as the government, they rely specifically, or quite a bit, on Johnson, Kelly, and Sidwell, and those cases coming out of the Seventh Circuit are of course important, but all of those cases, every single one of those cases, the confidential informant in those cases were inside the residence. He had an idea of what the residence looked like, he had an idea as to where the drugs, guns, illegal activity was taking place, and he had the idea of, and the police had them in the residence. In this case, we have a confidential informant who we know very little about, but we do know that he was never in the residence of where my client was living, and I'll even parenthetically say that that was not his house, it was not his apartment. He occasionally lived there. A small amount of investigation by the police could have determined that, but that again is lacking in this case. There is no police determination in this case as to who's living at that residence. Counsel, can you talk about the controlled by, and the effect that that had on the assessment of the CI's credibility? So I believe the controlled by meets one component when you're looking at the reliability of the confidential informant, but it's not the only reason that the court would determine that. I think that there are four or five reasons that this court has kind of divided or figured out as to determine the reliability of the by, and I'll say specifically in the search warrant, there is talk about the appellant living at the house, that the beginning of the search warrant, the confidential informant, at least according to the officer who presented it to the neutral magistrate, said that he had been in the house and purchased in the house, when in fact the purchase that you're asking, Your Honor, specifically did not occur in the house. As a matter of fact, the appellant had to get into a van, into a truck, and drive a fair amount of distance to meet the confidential informant. And again, they are indicating that they have no idea who this person is, the appellant in this case. There's police surveillance saying that he left a side door of the residence, that's it. Again, large black male. I don't want to be too insensitive at this time of where we're at, but a large black male is a description that is beyond the pale. I don't understand how... How so? I'm sorry, yes sir. How so? Because what other features, what other markings on the large black male? What does large black male appear... You mean it's insufficient? I believe it's insufficient, yes. But counsel, are you disputing that the man, the CI saw exiting the house, was in fact the same person who was involved in the controlled by? Well, no, no. I mean, it is the same person. I mean, he was arrested after the controlled by. A few days later, he was arrested. But what I'm disputing is that if I'm a neutral magistrate, and I'm like taking a step back, right? And I'm like looking at the probable cause warrant that's attached to my brief in total as the exhibit. And I'm looking at this from a local police officer, and I'm trying to determine whether I should sign on the dotted line in order to provide this warrant. I'm saying that that's lacking. If I'm sitting there, and I see a large black male, I believe the first question I would be asking the police officer who's presenting this is, well, do you have more information that you can give me? Can you tell me who he is? Have you taken a photograph? Have you gone back to the precinct? Have you tried to see if anybody knows who this is? Counsel, we know that the person was the same one who had the controlled by. Are you disputing that the police, regardless of whether this was his permanent address or not, are you disputing that there was not reason to think that he was staying there, regardless of whether he lived there? Right. Yes, I am disputing. They have no knowledge that he's living there. All they have is him coming occasionally in. The police and the warrant talk about drive-by, and they occasionally see a large black male coming in and out of the apartment. I'm not disputing, Your Honor, that Mr. Haynes was the one who sold the cocaine to the confidential informant. I'm not disputing that the arrest of Mr. Haynes itself was illegal. What I'm trying to do is go in the way back machine a little bit here, back to when you're presenting the probable cause affidavit to the neutral magistrate and try to determine if that's going to be sufficient, even with the sale that is included in that, whether taking that as a whole, totality of the circumstances, whether that is sufficient to be able to establish, in this particular case, that the appellant is the one who purchased that. Because remember, he wasn't arrested during the buy itself. It was days later that they executed the search warrant and they executed the arrest. I think the time frame is somewhat important here is that I believe that the buy occurred on April 13th. I believe that April 16th was when the local law enforcement went in front of the local judge and presented his case. And then it was April 20th when they executed the search warrant, within the four days of the search warrant. We're not attacking that. But I think that the timeline is important in this case because they still haven't been able to, they had no idea still who a large black male was, whether he lived in that residence or whether anybody lived in the residence. I'd save a little for rebuttal. I have two minutes. Yes. Thank you, Your Honor. Appreciate that. Thank you, Counsel. Ms. Bucci. May it please the court. I'm Talia Bucci and I represent the United States in this appeal. This court has repeatedly recognized that a properly executed controlled purchase generally is a reliable indicator of illegal drug activity. And that's what police officers did in this case. They received a tip from an informant about an individual involved in drug trafficking. They then conducted a controlled purchase from that individual. And they also conducted surveillance of the residence that was to be searched and saw an individual coming and going, engaged in what appeared to the officers based on their training and experience to be activities indicative of drug trafficking. The controlled purchase was closely monitored. They searched, they met with the CI. They searched the CI before and after. They provided the funds for the controlled purchase. They did surveillance on the way there, on the way back. The CI never met with anyone else. They actually saw the CI meet with the person who came from the Willard Avenue residence in the vehicle. And they traced that person directly from the Willard Avenue residence and directly back to that residence. That controlled purchase occurred only a few blocks away from the search residence and officers properly executed that controlled purchase. That controlled purchase alone was a reliable indicator of illegal drug activity occurring out of that residence. And that was sufficient to provide probable cause to support the warrant. In addition, they also conducted the surveillance, which is described in the warrant, and was also similar to activities seen in the controlled purchase. All of that information supported the magistrate judge's probable cause finding here. And none of the defendant's individual attacks are sufficient to undermine that determination. The defendant attacks the description of the individual who conducted the controlled purchase as a large black male, but that description isn't even at issue in the controlled purchase. They watched that same individual come to and from the residence. In addition, the issue in determining whether to provide the search warrant is not who possessed the drugs, but where the evidence is likely to be located or where there's a fair probability that the evidence will be located. In addition, the defendant states that the government could have done additional investigation, but the inquiry here focuses on the investigation that was done, not additional things that could have been done. If the court has no questions, I'll close by asking that the court affirm the district court's denial of defendant's motion to suppress. Thank you, counsel. You've got about not quite two minutes. Well, I was going to say my closing argument for my Leon argument, but I don't think it's necessary at this point if the court, for whatever reason, determined that the confidential informant was inadequate, his information was inadequate, I don't think Leon would come into play under a confidential informant because the basis of the information would not be effective and would not be able to be used. I do believe I've seen so many of these search warrants before, and I just was somewhat shocked. When you're sitting there in the nuts and bolts of these cases and you see that your client is looking at a significant amount of time with the amount of drugs found, a weapon that was found close by, you take a look at this, and if you have the ability to understand some issues, then you preserve those if you can. I believe in this case, and I think more and more as the federal government is taking local control of local police force on small amounts of drugs, that it's imperative that the government have the ability to talk and teach local law enforcement how to do proper search warrants and that if this is the lowest level, that is enough for probable cause. I think that we have a lot of work to do. I hope that the court is able to see this, be able to rule accordingly. Thank you very much. Thank you, counsel. You were appointed, weren't you? I was, yes. Thank you. Thank you, as always. Thanks to both counsel and the cases taken under advice.